UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

SY-BRON L. PINKSTON,

    Plaintiff,

    v.     CAUSE NO. 1:23-CV-5-HAB-SLC

FORT WAYNE CITY OF, et al.,

    Defendants.

## OPINION AND ORDER

Sy-Bron L. Pinkston, a prisoner without a lawyer, filed a complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pinkston alleges that he was wrongfully convicted and remains incarcerated because Christine Armstead, an officer with the Fort Wayne Police Department, committed perjury. He seeks monetary damages and injunctive relief.

To the extent that Pinkston is seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). While this court expresses

no opinion on whether Pinkston should file a habeas petition, to the extent he is seeking relief only available through a habeas petition, he needs to file a habeas petition in a separate case.

To the extent that Pinkston is seeking monetary damages, "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Pinkston is clearly challenging the fact that he remains confined. Any verdict in his favor would require finding that he is currently being unlawfully held, yet no verdict in this case could result in his release, thereby resulting in a continued increase in the number of days of illegal confinement with a concomitant increase in monetary damages. Such a result would be anomalous, particularly in light of the possibility that a parallel habeas corpus proceeding could concurrently find his confinement lawful. It is just that possibility of a parallel proceeding which *Heck* was intended to guard against. *See McDonough v. Smith*, 139 S. Ct. 2149, 2158, 204 L. Ed. 2d 506 (2019) ("[T]he pragmatic considerations discussed in *Heck* apply generally to civil suits within the domain of habeas corpus, not only to those that challenge convictions."). *See also Preiser v. Rodriguez*, 411 U.S. 475 (1973). In short, his claim for monetary damages is not yet ripe. Thus, the court will dismiss this claim without prejudice to Pinkston's right to refile it if he is able to have his conviction vacated in a separate proceeding.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case does not state a claim under 28 U.S.C. § 1915A and is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on July 3, 2023.

                                               s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT